# APPEAL OF DALLAS DUNLAP.

APPEAL FROM THE ORPHANS' COURT OF LANCASTER COUNTY.

Argued May 18, 1887—Decided June 1, 1887.

The will of a testator began: "First After all my lawful debts are paid and discharged the residue of my estate both real and personal. I give and bequeath as follows to wit: " After certain devises and bequests, the will concluded its dispositions thus: "None of my Money is to go back further than My Brothers and Sisters Children. Except the ($200.00) I left to Sarah Cooper. My Nephew William Smith is to have $500.00 More than the rest of My Neices and Nephews." *Held,*

1. That subject to the payment of the legacies and the exclusion of the kindred excepted from the benefits of the will, the estate is to be distributed according to the method of the intestate laws.

2. That where a man gives by will the whole or a part of his estate to his next of kin, and leaves the proportions doubtful, it is proper to assume he had in mind the statutory method of distribution, and to interpret the will accordingly.

3. That an implication which would disinherit the nearest relative, must be equivalent to an expression that would exclude an heir in favor of others of more remote degree.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 273 January Term 1887, Sup. Ct.

The proceedings in the Orphans' Court below were in the matter of exceptions to the report of an auditor making distribution of the balance shown by the account of the executors of Martin Ringwalt deceased, filed February 13, 1886.

Martin Ringwalt, of Lancaster county, died March 1, 1884, leaving a will dated January 29, 1884. The will was admitted to probate and David Ringwalt, one of the executors thereof, having declined, letters were issued to Dr. Levi Z. Ringwalt, the other executor, who, on his account being filed, was found to have a balance for distribution of $15,608.37. Exceptions were filed to this account and an auditor was appointed to determine them and report distribution.

The disposing parts of said will are here given:

First After all my lawful debts are paid and discharged the residue of my estate both real and personal. I give and bequeath as follows to wit: The Farm I Live on. and the, Property I Bought from the Executor of my Brother Levi Ests, I give to my Brother David Ringwalt and my Nephew Dr Levi Z Ringwalt at One Hundred and Twenty-five dollars per acre ($125.00.) if they dont want the Land at that price it is to be Sold. The Wood Land I own in the Forrest, they can have at (Twenty dollars per Acre) The wood land on the Mountain is to be Sold. The property John Thomas (collerd) lives on he is to pay (Fifteen dollars) a year rent and at the death of him and his wife. it is to go back to the heirs of Martin Ringwalt. I give and Bequeath to my House Keeper Sarah Cooper ($200.00) besides the note She holds against me for ($1000.00) and three years Interest on it. I give and Bequeath the Interest of ($200.00) at five per cent to keep my Grave and Brothers wife's in repair for the German (Reform Grave Yard in New Holland) it is to remain in the property as a Lienn forever, At my death the Note I hold against (Cyrus Stroman) he is to pay no Interest on. Just the principal. None of my Money is to go back further than My Brothers and Sisters Children. Except the ($200.00) I left to Sarah Cooper. My Nephew William Smith is to have $500.00 More than the rest of My Neices and Nephews.

And as to all the rest, residue and remainder of my Estate, real, personal or mixed, of whatever nature or kind, or wheresoever situate at the time of my decease, I do hereby give, devise and bequeath.

It was contended before the auditor, *Mr. Benjamin F. Davis*, that the testator intended that his estate " should be distributed equally among the testator's nephews and nieces except William Smith, who was to have $500 more than the rest of them "; but the auditor found, that, excepting the special bequests or devises in the. will of the deceased, his estate should be distributed, as if under the intestate laws, to and among his brother David, or his legal representatives, and his nephews and nieces. He therefore reported a distribution of said balance, after payment of the legacies, including that of $500 to William Smith, in six shares .among the thirteen nephews and nieces *per stirpes*.

To the report of the auditor exceptions were filed, and upon argument the court, J. B. LIVINGSTON, P. J., delivered the following opinion:

We are of opinion that the learned auditor has erred in his construction of the will of Martin Ringwalt, deceased, and in his distribution of the balance in the hands of the accountant.

Martin Ringwalt did not intend to die intestate, as to any portion of his estate, or that his estate should be distributed under or in accordance with the intestate laws of this commonwealth; and he so declares in the will he made. He says, "after all my lawful debts are paid and discharged, the residue of my estate, both real and personal, I give and bequeath, as follows, to wit: "

He then devises certain real estate to his brother David Ringwalt (who was then alive, and his only living brother), and his nephew, Dr. Levi Z. Ringwalt, both of whom he constituted his executors. Having thus provided for his brother, and, after making some specific bequests, he says:

None of my money is to go back further than my brothers and sisters children, except the $200 I left to Sarah Cooper. My nephew, Wm. Smith, is to have $500 more than the rest of my nieces and nephews.

Now, while this will is inartistically drawn and by no means so clear or explicit as it might have been made, it clearly shows that his intention was that after deducting the specific legacies he had given, his estate was to be divided among and distributed to his nephews and nieces, as a class. And that, after giving to his nephew, William Smith, first, out of the sum for distribution, $500, so that he might have, as the testator desired, so much more than the rest, the remainder was to be divided equally among his nephews and nieces.

[The court here made a distribution, after deducting the legacies, including the $500 to William Smith, equally among all the thirteen nephews and nieces *per capita.*]

We, therefore, thus correct the report by substituting the distribution thus made, for the distribution reported by the auditor, and with this correction, dismiss the exceptions, and confirm the report.

Thereupon David Dunlap, the only child of a deceased sister, took this appeal and assigned for error the refusal of

the court to confirm the distribution by the auditor and the distribution of the balance among the nephews and nieces *per capita.*

*Mr. M. M. Houser* and *Mr. S. P. Eby* for the appellant:

The main question is, whether David Ringwalt, the surviving brother, took an interest in the residue. If he did, the balance, after paying prior legacies, goes into as many shares as the testator had brothers and sisters.

1. That the testator took the intestate law for his foundation is evident, because, knowing that the statute admitted the grandchildren of his brothers and sisters to inherit, he excluded them.

2. By the ruling of the court below the brother would be disinherited in the face of the rule that an heir at law cannot be disinherited except by express devise or necessary implication: Bender v. Dietrick, 7 W. & S. 284. No necessary implication is found.

3. The court erroneously read into the will the words "any of," before the words, "the rest of my neices and nephews." Words can only be supplied when they are necessary to give effect to the unquestionable purposes of a testator: Varner's App., 87 Penn. St. 422; McKeehan v. Wilson, 53 Idem 74.

4. The particular intent in the legacy to William Smith cannot override the general intent of the will: Hitchcock v. Hitchcock, 35 Penn. St. 393.

5. David, the brother, was not provided for otherwise in the will. The devise of the land at $125 per acre, was a devise to be paid for, all it was worth.

6. If a construction be doubtful, the law adopts the principles of the intestate law: Lipman's App., 30 Penn. St. 180; France's Est., 75 Idem 220; Smith's App., 23 Idem 9.

*Mr. A. B. Hassler* (*Mr. J. Hay Brown* with him), for the appellees:

Whilst the will of the testator does not by express words give the residue of his estate to any one, it does by necessary implication direct that, after having first paid certain specific legacies and $500 to William Smith, the estate shall be divided equally among his nieces and nephews. The beginning of the

will shows the general intent to give and bequeath his whole estate, and to persons who are to take as devisees or legatees and not as heirs at law.

If the will shows such an intent, the court below must be sustained: Marsh v. Hague, 1 Edw. 174; Deering v. Adams, 37 Me. 264; Piper's Est., 11 Phila. 141; McKeehan v. Wilson, 53 Penn. St. 74.

The will shows such a strong probability of an intention to divide the estate equally among nieces and nephews, that an intention to the contrary cannot be presumed: Axford's Est., 2 W. N. 663; Stehman v. Stehman, 1 W. 466; Woolmer's Est., 3 Wh. 480; Nyce's Est., 5 W. & S. 260; Massey's App., 88 Penn. St. 470.

OPINION, MR. JUSTICE TRUNKEY:

This will is not void, for it contains some intelligible bequests. The testator directs the conversion of his real estate, that none of his money shall go back further than his brothers' and sisters' children, and that William Smith shall have five hundred dollars more than the rest of his nieces and nephews; but, after payment of the specified bequests, he gives the residue to nobody.

The auditor has well shown that where a man gives the whole or a part of his estate to his next of kin, and leaves the proportions doubtful, it is natural to suppose that he had the statutory form of distribution in mind and to interpret his will accordingly. Where the meaning of the words in the will is doubtful, the interpretation will be aided by the general rules of inheritance.

There is no gift to any of the testator's nieces and nephews, except William Smith. The difficulty arises in the form of the bequest to him. He does not claim that he is entitled to five hundred dollars more than the rest of the nephews and nieces, but to that sum more than any of them. Conceding that there is no express gift of the residue, he contends that the gift to himself implies a gift of the residue to the nephews and nieces. If so, the implication disinherits the nearest relative the testator had living at the date of the will or when he died. The implication must be equivalent to an expression that will exclude an heir in favor of others of more remote

degree. The testator expressly excluded grand-nephews and grand-nieces, but not his brother. Were he excluded there would be more force in the contention that the testator intended his nephews and nieces to take *per capita*. His intention is to be ascertained from his words. His particular intent is clearly expressed in every instance, except in the bequest to William Smith, and in that there is no uncertainty as to the sum given. For the purpose of distribution he provided for the conversion of his real estate into money, and subject to the payment of the legacies, and the exclusion of certain kindred, we think he intended the distribution according to the intestate laws.

There is no exception or assignment of error which raises the question whether the bequest to William Smith was rightly taken from the fund before the distribution. Therefore nothing will be said on the point whether it should have been taken from the one sixth belonging to himself and his sisters.

> Decree reversed, and it is now considered and decreed that distribution be made as reported by the auditor; appellees to pay costs. Record remitted.